STATE *v.* GOERING.

(In Banc. Dec. 9, 1946.)

[28 So. (2d) 248. No. 36367.]

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, and T. J. Lawrence, District Attorney, and Ben Guider, County Prosecuting Attorney, both of Vicksburg, for appellant.

**Sydney Smith, C. J.,** delivered the opinion of the court.

The appellee was charged with robbery. The verdict of the jury was not guilty, and the State appeals.

Under paragraph 2 of Section 1153, Code of 1942, we can neither affirm nor reverse this judgment but are confined to the decision of "The question of law presented." ·

The appellee's sole defense was insanity, all of his evidence being pointed to that issue· Section 2575, Code of 1942, provides that "When any person shall be indicted for an offense and acquitted on the ground of insanity the jury rendering the verdict shall state therein such ground and whether the accused have since been restored to his reason, and whether he be dangerous to the community. And if the jury certify that such person is still insane and dangerous the judge shall order him to be conveyed to and confined in one of the State asylums for the insane."

The court below charged the jury by an instruction for the defendant "that if you believe from the evidence in this case that, at the time of the commission of the alleged crime, the Defendant was unable by reason of a diseased brain, or sick mentality, to form a criminal intent or purpose, then it will be your sworn duty to find the Defendant not guilty;" and by another, "that, if you find the defendant not guilty, then your verdict may be in the following form, to-wit: 'We, the jury, find the defendant not guilty.'" These instructions taken by themselves negative any duty on the part of the jury to comply with the requirement of Section 2575 of the Code, and would, therefore, have presented an error on the part of the court below had it not been for the granting by the court of the following instruction:

"The Court instructs the jury for the State, that if in this case you find the Defendant not guilty by reason of insanity, then your verdict may be in either of the following forms, to-wit:

" 'We, the jury, find the Defendant not guilty on the ground of insanity, and hereby certify that he is dangerous to the community, and that he has not since been restored to his reason;' or

" 'We, the jury, find the Defendant not guilty on the ground of insanity, and hereby certify that he has since been restored to his reason.' "

All the law of a case need not and generally cannot be included in one instruction to the jury. All of the instructions should be read together, and when this is done and the law of the case correctly appears therefrom, the court will have discharged its full duty relative thereto.

Two insanity experts testified on behalf of the appellee, and the State says that their evidence violated the limitation of such evidence prescribed by Reed v. State, 62 Miss. 405 and Prewitt v. State, 106 Miss. 82, 63 So. 330, 6 A. L. R. 1476. These cases clearly lay down the rule here governing the admission of this character of evidence, and it will not be necessary to repeat what there was said. The State's criticism of the evidence of these witnesses may be correct, but, if so, the court below cannot be charged with the responsibility therefor. Most of this evidence was not objected to. To several of the questions propounded, general objections were interposed; and to several others, specific objections, none of which were calculated to direct the court's attention to the objection to the evidence now made. A general objection overruled avails the objector nothing unless the evidence would be incompetent on any ground, and a specific objection must direct the court's attention to what principle or rule of law the evidence violates, and "will be effective to the extent of the grounds specified, and no further." 1 Wigmore on Evidence, 2d Ed., Sec. 18; Bessler Movable Stairway Co. v. Bank of Leakesville, 140 Miss. 537, 106 So. 445.