**Jerry Lynn YOUNG,
Petitioner-Appellee,**

v.

**Robert HERRING, Lee County Sheriff, and Donald A. Cabana, Superintendent, Mississippi State Penitentiary, Respondents-Appellants.**

**No. 84–4365
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 26, 1985.

---

Edwin Lloyd Pittman, Atty. Gen., William S. Boyd, III, Jackson, Miss., for respondents-appellants.

Jerry Lynn Young, pro se.

Brooks Eason, Jackson, Miss., (Court Appointed), for petitioner-appellee.

Before POLITZ, WILLIAMS and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge.

The appellee, Jerry Lynn Young, filed a pro se petition for writ of habeas corpus in the United States District Court for the Northern District of Mississippi, challenging the constitutionality of his armed robbery conviction in the Circuit Court of Lee County, Mississippi. The district court granted the writ of habeas corpus, finding that Young was denied due process of law by the admission of identification testimony based upon an impermissibly suggestive pre-trial photo array. The court vacated Young's conviction and ordered him discharged from custody unless the state elected to retry him within four months of the order. The appellants, Robert Herring, Sheriff of Lee County, Mississippi, and Eddie Milton Lucas, Warden, appeal the grant

of the petition, claiming that the district court erred in not applying the presumption-of-correctness rule of 28 U.S.C. § 2254(d) to the Mississippi Supreme Court's finding that Young had not offered a timely objection to the identification testimony. Young cross-appeals based on the insufficiency of the evidence, requesting us to set aside his conviction without permitting a new trial. We reverse the district court's grant of the writ of habeas corpus.

## FACTS AND PROCEEDINGS BELOW

On March 17, 1980, a man wearing a mask and carrying a sawed-off shotgun robbed the Presley Heights Branch of the Bank of Mississippi in Tupelo. At the time of the robbery, which lasted approximately two minutes, three tellers were working at the bank. The robber forced the tellers to lie face-down on the floor during the robbery. As the robber left the bank and entered his automobile, he was seen by a Tupelo police officer.

Three accomplices to the robbery testified at trial that Young robbed the bank. In addition, a gun salesman identified Young as the purchaser of the shotguns that were found with a portion of the stolen money. The police officer and two of the tellers offered descriptions of the robber, but could not identify Young as the man who robbed the bank. The third teller, Barbara Hoard, identified Young at trial as the robber. Immediately after the robbery, she was unable to tell the police who the robber was, but described him as a white man in his mid-twenties to early thirties, 5'5" to 5'7" tall, about 150 to 160 pounds, with light brown hair and gold-rimmed glasses. During the trial, Hoard

testified that, through the holes in the robber's mask, she was able to see his glasses, eyes, mouth, the side of his face, and his hair color.[1] She stated that there was nothing distinctive about the robber's features to enable her to identify Young and that she did not know the color of the robber's eyes. In addition, Hoard testified that she knew Young by sight because he had been a bank customer (though it is not clear whether she knew him by name), but that during the robbery she did not recognize the robber as Young or as a bank customer. She also stated that, if she had seen Young on the street, she would not have recognized him as the robber. When Hoard, on direct examination, pointed to Young and identified him as the robber, Young's counsel stated: "Your Honor, I object to it because this witness said the robber was masked,—your Honor, we will go on to it in cross examination." The court overruled the objection.

On cross-examination, Hoard testified that she first identified Young as the robber when the Tupelo Chief of Police showed her an array of six photographs. She also testified that she viewed the photographs and identified Young's photograph as that depicting the robber.[2]

At the conclusion of all Hoard's testimony, the trial recessed for the day. When it reconvened the next morning, Young's attorney moved to strike Hoard's testimony and for a mistrial "on the grounds that Mrs. Hoard made an alleged identification of the defendant from the photograph before she came into Court and made an in-court identification." The trial court denied these motions concerning Hoard's testimony.[3] Almost immediately thereafter,

---

**1.** At the time of trial, Young had predominantly gray hair and Hoard admitted that Young's hair color at trial was different from the light brown she saw the day of the robbery. Young offered evidence that his hair was the same color in March of 1980 that it was during the trial. The accomplices' testimony did not suggest that Young changed his hair color for the robbery.

**2.** Hoard testified at trial that Young had been arrested for the robbery when she identified him in the photograph, but it is not clear wheth-

er she was aware of Young's arrest at the time she made the photographic identification.

**3.** In denying these motions, the trial court stated:

"The Court is of the opinion that it is a question for the jury to determine what weight they wish to give this identification the way the question was framed to the witness; as the Court recalls, it was not based on whether she saw and identified a picture of this defendant sometime after the robbery, but whether or

the trial court granted a defense motion for production of the photographs. Later in the trial, the defense received the six photographs and, on the defense's motion, all six were put in evidence, it being stipulated that these were the photographs shown Hoard prior to trial.[4] All this occurred at the end of the prosecution's case and before the defense began putting its case on.

Four of these six photographs were of men apparently in their early twenties; none of the men other than Young appeared to be near Young's age of thirty-seven. Two of the photographs were of men with glasses—one was Young and the other was a man with a beard. Young did not have a beard at trial or in the photograph, and there is no evidence that he had previously had a beard. Nor is there any record indication that anyone thought the robber had a beard. Young's name appears on his photograph.

*After the jury returned its verdict,* Young's attorney made a motion for new trial, claiming that Hoard's in-court identification was based on an impermissibly suggestive out-of-court identification. The trial court denied the motion. Young was convicted and sentenced to thirty years in prison.

Young challenged, among other things, the trial court's ruling on his motion to strike Hoard's testimony and his concurrent motion for mistrial, on his direct appeal to the Mississippi Supreme Court. That court held:

> "Young's motion to strike the testimony and for a mistrial, dealt not with an allegation that the in-court identification was gained as the result of a suggestive

or improper pre-trial identification procedure, but was on the sole basis that the witness' in-court identification came after a pre-trial photographic identification. Under this circumstance the lower court did not err in ruling the credibility of Mrs. Hoard's identification was for the jury to weigh." *Young v. State,* 420 So.2d 1055, 1059 (Miss.1982).

In granting Young's petition for habeas corpus, the district court found that the section 2254(d) presumption of correctness does not apply to the Mississippi decision, because "the Mississippi Supreme Court's interpretation of the objection made by the defendant is a mixed question of law and fact," and thus not binding on the federal court. The district court found that Young properly objected to the in-court identification and that the identification violated his due process rights.

## DISCUSSION

### *Jurisdiction*

■ Although the district court did not rule on all of Young's arguments in granting his petition for writ of habeas corpus, the court did not certify its order as a final judgment pursuant to Fed.R.Civ.P. 54(b). Unless the district court expressly determines that there is no just reason for delay and directs the entry of judgment, a partial disposition of a multi-claim civil action does not qualify as a final decision under 28 U.S.C. § 1291[5] and ordinarily is not appealable. *Thompson v. Betts,* 754 F.2d 1243, 1245 (5th Cir.1985). Although neither par-

---

not she saw, yesterday, the man who robbed her, in the courtroom. She pointed out she did. It is not clear in the record that this identification was based on having seen a picture; maybe she did, as she testified, point him out in a picture, the way the question was framed. She identified the man today as the man who robbed her, based on the identification in the courtroom."

4. One of the six photographs, that of the defendant, had already been produced, and placed in evidence by the defense, during the defense cross-examination of a prosecution witness who

testified subsequent to Hoard. It was not shown at that time, however, that that photograph had been exhibited to Hoard.

5. 28 U.S.C. § 1291 provides: "The court of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States...." Furthermore, 28 U.S.C. § 2253 states: "In a habeas corpus proceeding before a circuit or district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit where the proceeding is had."

ty raises the point, we address it *sua sponte* since it is jurisdictional. *Id.*

Because the Federal Rules of Civil Procedure do not have unlimited application in habeas proceedings,[6] it is not clear whether Rule 54(b) applies to an appeal of a district court's decision in a habeas case. *See Blake v. Kemp,* 758 F.2d 523, 525 (11th Cir.1985); *see also Miller v. Misfud,* 762 F.2d 45 (6th Cir.1985) (Rule 54(b) does not apply to proceedings in which habeas and non-habeas claims are joined); *United States ex rel. Stachulak v. Coughlin,* 520 F.2d 931 (7th Cir.1975) (same), *cert. denied,* 424 U.S. 947, 96 S.Ct. 1419, 47 L.Ed.2d 354 (1976).

In any event, because "[t]he sole purpose of habeas corpus proceedings is to test the validity or legality of the restraint of the petitioner," *Martin v. Spradley,* 341 F.2d 89, 90 (5th Cir.1965), an order *granting* a writ of habeas corpus based on fewer than all the asserted grounds is a final appealable judgment. *Blake,* 758 F.2d at 525. Federal appellate jurisdiction exists when the decision by the district court "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States,* 324 U.S. 229, 65 S.Ct. 631, 633,

89 L.Ed. 911 (1945)); *accord Thompson v. Betts,* 754 F.2d 1243, 1245 (5th Cir.1985). Thus, the district court's decision granting Young's petition for writ of habeas corpus is appealable in the absence of a Rule 54(b) certificate.

### Presumption of Correctness

■ The appellants argue that the district court erred in not applying the section 2254(d)[7] presumption of correctness to the Mississippi Supreme Court's finding that the appellee did not raise the proper objection at trial. Section 2254(d) is of doubtful applicability in this case, however, because the facts are not really in dispute: the objection raised by the appellee is recorded in the trial transcript. The parties dispute the legal effect of the objection—whether the appellee preserved his due process claim that Hoard's in-court identification was the result of an improperly suggestive pre-trial identification procedure. The Mississippi Supreme Court's interpretation of the appellee's objection is a statement of Mississippi law that provides an adequate and independent state procedural ground for its decision, barring federal habeas review absent a showing of "cause" and "prejudice." *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977).[8]

---

6. Fed.R.Civ.P. 81(a)(2) makes the Federal Rules of Civil Procedure applicable to habeas corpus proceedings "to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions." *See Harris v. Nelson,* 394 U.S. 286, 89 S.Ct. 1082, 1087–89, 22 L.Ed.2d 281 (1969).

7. 28 U.S.C. § 2254(d)(8) provides:
   "(d) in any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding in which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct....
   " ....
   "(8) ... unless that part of the record of the State court proceeding in which the deter-

mination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record...."

8. In finding that it was not bound by the Mississippi Supreme Court's decision, the district court relied upon *Dickerson v. Alabama,* 667 F.2d 1364 (11th Cir.), *cert. denied,* 459 U.S. 878, 103 S.Ct. 173, 74 L.Ed.2d 142 (1982), a habeas proceeding in which a request for continuance was found to be a mixed question of law and fact. The Alabama Court of Criminal Appeals had found alternatively either that the defense counsel's statements did not constitute a request for a continuance or that the trial court did not abuse its discretion in denying the request. The latter question is *subject to federal habeas review* because the denial of the request could violate the accused's Sixth Amendment right to compulsory process of witnesses. Yet the court

*Cause and Prejudice*

■ The appellee's failure to comply with the Mississippi contemporaneous objection rule bars federal habeas review "absent a showing of cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Sykes,* 97 S.Ct. at 2505.[9] Appellee, inferentially admitting that his motion to strike and motion for mistrial did not raise the constitutional ground he presented in his habeas petition below, seeks to excuse this failure by asserting in his brief to this Court that "despite the exercise of reasonable diligence neither Young nor his attorney could have known of the facts underlying his due process claim at the time of the motion to strike Mrs. Hoard's testimony and for a mistrial."

At the time of his motion to strike and for mistrial, Young's attorney did not have the photographs that provide the basis of the constitutional claim. Nor did the state trial court. Plainly, neither then understood that a claim of improperly suggestive lineup was being made. Young's counsel later received the photographs, however, before presenting the defense case, and introduced them into evidence. Yet, he did not raise the due process issue until *after* the jury returned its verdict, when he moved for new trial claiming that the photographs were impermissibly suggestive. Once Young's attorney had received and reviewed the photographs, good cause for failure to raise the due process claim did not continue to exist during the remainder of the trial. Young does not argue that the

---

reviewed both determinations, although the former may be a question of Alabama law. Apparently, the Alabama Court of Criminal Appeals' decision did not provide an adequate and independent state ground, because it did not determine conclusively that under Alabama law the defense failed to request a continuance. *See id.* at 1368–69.

**9.** That Young's objection was insufficient under Mississippi law has been conclusively determined by the Mississippi Supreme Court. *See McKinney v. Estelle,* 657 F.2d 740, 743 n. 2 (5th Cir.1981), *cert. denied,* 456 U.S. 937, 102 S.Ct. 1994, 72 L.Ed.2d 456 (1982). The preclusive rule of *Sykes* requires that the state decision be on "adequate and independent state grounds." *Sykes,* 97 S.Ct. at 2503. Plainly, the procedural ground in question was a state ground, and was "independent" in the *Sykes* sense, that is, independent of the merits, as the Mississippi Supreme Court never reached the merits because of the procedural default. Young does not assert that the Mississippi rule of procedural bar for lack of proper contemporaneous objection is not an "adequate" state ground for purposes of *Sykes*—rather, he claims to come within the *Sykes* "'cause'-and-'prejudice' exception," *Sykes,* 97 S.Ct. at 2508, a matter addressed in the text. Plainly, the requirement for a correct contemporaneous objection is an "adequate" state ground. We have upheld similar requirements many times. *See, e.g., McKinney v. Estelle, supra* (objection on proper grounds insufficient where not persisted in until ruling); *St. John v. Estelle,* 544 F.2d 894 (5th Cir.1977), *en banc,* 563 F.2d 168 (1977), *cert. denied,* 436 U.S. 914, 98 S.Ct. 2255, 56 L.Ed.2d 415 (1978) (objection on insufficient ground, followed by belated motion for mistrial on proper ground but not by motion to strike).

Mississippi has long had a contemporaneous objection rule, under which its Supreme Court considers on appeal only those grounds of objection timely raised in the trial court. *See, e.g., Tubbs v. State,* 402 So.2d 830, 835 (Miss.1981) ("It has long been the rule that we confine ourselves to objections made to evidence in the trial court, regarding all other objections as waived."); *Thornton v. State,* 313 So.2d 16, 18 (Miss.1975) ("This Court has long held that to preserve error concerning the admission of evidence at trial there must be contemporaneous objection."). Improperly belated objection is insufficient. *Brooks v. State,* 242 So.2d 865, 868 (Miss.1971). Objection at trial on one ground does not permit consideration of a different ground on appeal, as has been held in "line-up" situations, *Cox v. State,* 326 So.2d 794, 795 (Miss.1976); *Branch v. State,* 347 So.2d 957, 959 (Miss.1977), and in many others. *See, e.g., State v. Goering,* 28 So.2d 248, 249 (Miss.1946) (objection effective to the extent of the grounds specified, and no further); *Holloway v. State,* 24 So.2d 857, 858–59 (Miss.1946).

A motion for a new trial after verdict does not suffice to take the place of a properly grounded objection and motion for mistrial. *Collins v. State,* 202 So.2d 644, 646–47 (Miss.1967); *Black v. State,* 308 So.2d 79, 81 (Miss.1975). Any other rule in this respect would be inconsistent with the requirement for correct contemporaneous objection, and would, in effect, allow a party to gamble on the verdict. Of course, Mississippi does not require objection at an impractical time, provided appropriate relief is promptly sought as soon as there is a reasonable opportunity to do so. *See Carrol v. State,* 391 So.2d 1000, 1004 (Miss.1980).

remainder of the trial did not provide adequate time to analyze the photographs, nor did Young request a recess or continuance after they were received.[10] Because the appellee does not show adequate cause why he failed to raise the improperly suggestive pre-trial identification due process claim during trial, and because his failure to so raise it was the reason the Mississippi Supreme Court refused to grant relief in respect thereto, that claim is not reviewable in a federal habeas proceeding.

### Waiver of the Contemporaneous Objection Defense

■ The appellee further claims that Fed.R.Civ.P. 8(c) required the appellants to raise the affirmative defense of failure to comply with the contemporaneous objection rule in their response to the federal habeas petition. The state argued in its brief to the Mississippi Supreme Court that Young

"never raised the issue during his trial of the identification being a deprivation of his due process rights. It was not until he had been convicted and sentenced that he claimed that the photographic line-up was suggestive. We submit that that specific objection to Mrs. Hoard's identification came too late. The trial court was never given the opportunity before or during the trial to determine whether or not the procedures used were suggestive, much less did it ever have a chance to apply the totality of the circumstances test." Brief for the State of Mississippi at 25.

10. The Mississippi Supreme Court stated that "Young was provided all of the photographs prior to the presentation of his version of the case" which afforded him "enablement to fully examine the entire identification procedure in his case-in-chief." 420 So.2d at 1060.

11. Although the Mississippi Supreme Court did not expressly state that Young's motion for new trial came too late, that is obviously implicit in its holding that Young procedurally defaulted, and in its refusal, for that reason, to rule on the merits of his claim of improperly suggestive pre-trial identification. As indicated in the Court's opinion, it clearly determined that Young was afforded ample opportunity to go into the matter during trial (*see* note 10, *supra*).

The Mississippi Supreme Court decided that Young did not timely object to the identification procedure, providing an adequate and independent state procedural ground for refusal to consider his due process claim.[11]

The *Wainwright v. Sykes* cause and prejudice standard does not apply, however, when the issue of the habeas petitioner's procedural default—such as the failure to make a contemporaneous objection—is never raised in the federal district court. *Washington v. Watkins*, 655 F.2d 1346, 1368 (5th Cir.1981), *cert. denied*, 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982). Yet the State does not waive the habeas petitioner's procedural default if it is raised at any time during the district court habeas proceedings: "*Washington* does not require that *Sykes* waiver be either pled or lost, as is the case with the true affirmative defenses under Federal Rule of Civil Procedure 8(c)." *Wiggins v. Procunier*, 753 F.2d 1318, 1321 (5th Cir.1985). Therefore, because the appellants raised Young's procedural default in their objection to the magistrate's report, they have not waived the application of *Wainwright v. Sykes*. Furthermore, once the district court has addressed the issue of the habeas petitioner's procedural default, the issue is appealable. *Wiggins*, 753 F.2d at 1321.

### Insufficiency of the Evidence

■ On cross-appeal, Young asserts that, without Hoard's testimony, the evidence was insufficient to support his conviction and therefore to retry him would

Likewise, as indicated in the text, the state argued in its brief to the Mississippi Supreme Court that Young had waived the claim by not raising it until after verdict. Further, the law of Mississippi is clear that, where the matter could have been raised during trial, raising it for the first time by motion after verdict is too late (*see* note 9, *supra*). In these circumstances, we treat the Mississippi Supreme Court's opinion as if it had expressly stated that raising the matter for the first time by motion for new trial was, under these facts, too late to preserve it. *See, e.g., Stokes v. Procunier*, 744 F.2d 475, 480–81 (5th Cir.1984); *Rollins v. Maggio*, 711 F.2d 592 (5th Cir.1983); *Preston v. Maggio*, 705 F.2d 113 (5th Cir.1983).

violate his right not to be placed in double jeopardy. In a federal habeas corpus proceeding, the proper standard of review for a challenge to the sufficiency of the evidence is whether any rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The court must consider all the evidence in the light most favorable to the prosecutor. *Id.*

A rational fact finder viewing the evidence in Young's case—even without Hoard's testimony—could have found that Young committed the robbery. The accomplices' testimony was corroborated by the gun salesman's identification of Young as the purchaser of the shotguns found buried with the money. The accomplices' description of Young's disguise and the car in which he fled was corroborated by all the eyewitnesses. *Young v. State,* 420 So.2d 1055, 1057 (Miss.1982). Moreover, under Mississippi law, the uncorroborated testimony of an accomplice may alone be sufficient to sustain a guilty verdict, unless the testimony is unreasonable, improbable, self-contradicting, or substantially impeached. *Catchings v. State,* 394 So.2d 869, 870 (Miss.1981). The Mississippi Supreme Court held, with adequate record support, that the accomplice testimony here met that standard. *Young,* 420 So.2d at 1057 ("we ... do not think the testimony unreasonable, improbable, self-contradictory or substantially impeached"). This Court has consistently held that the uncorroborated testimony of an accomplice is alone sufficient to support a conviction if it is not incredible or insubstantial on its face. *See cases cited in United States v. Raffone,* 693 F.2d 1343, 1345 (11th Cir.1982). We hold that the accomplices' testimony in Young's trial met this standard.

## CONCLUSION

For the foregoing reasons, we reverse the district court's grant of the writ of habeas corpus. The case is remanded for consideration of Young's remaining claims.

REVERSED AND REMANDED.