Derwin BOURGEOIS,
Petitioner-Appellant,

v.

John P. WHITLEY, Warden, Hunt Correctional Center, Respondent-Appellee.

No. 85–3175.

United States Court of Appeals,
Fifth Circuit.

March 17, 1986.

Richard C. Stanley, (Court Appointed), New Orleans, La., for petitioner-appellant.

Timothy M. Warner, Homer T. Cox, Asst. Dist. Attys., New Orleans, La., for respondent-appellee.

Before JOHN R. BROWN, JOHNSON and E. GRADY JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Derwin Bourgeois, who is serving a twelve-year state sentence for burglary, appeals the district court's denial of his habeas corpus petition. He argues that the state court judge who sentenced him for the burglary was improperly influenced by Bourgeois' two unconstitutional convictions, and that he is entitled to resentencing. We agree.

## I.

Bourgeois was convicted in 1978 by a six-person jury of three offenses: simple burglary, attempted burglary, and auto theft. The charges all stemmed from a single incident of automobile theft and were tried together in one trial. The attempted burglary and auto theft convictions were obtained by a five-to-one jury verdict; the burglary conviction was unanimous. Bourgeois was sentenced to twelve years for burglary, six years for attempted burglary, and two years for auto theft, with all sentences to run concurrently. The convictions were affirmed on appeal without opinion by the Louisiana Supreme Court. *State v. Bourgeois,* 377 So.2d 1257 (La.1979).

Soon afterwards, the Supreme Court decided *Burch v. Louisiana,* 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979), holding that a nonunanimous verdict from a six-person jury in a state criminal trial for a nonpetty offense is constitutionally insufficient to convict. Bourgeois initiated state habeas corpus proceedings, and his convictions for attempted burglary and auto theft were eventually vacated on the grounds that they had been obtained by a five-to-one jury decisions. *State ex rel. Bourgeois v. Becker,* 397 So.2d 520 (La.1981).

Bourgeois then filed a second state habeas petition, this time claiming that he was entitled to be resentenced for the burglary conviction because the state sentencing judge had relied on the two unconstitutional convictions in sentencing Bourgeois to twelve years for burglary. The same judge who had originally sentenced Bourgeois presided over the state habeas corpus proceedings. He acknowledged that the attempted burglary and auto theft convictions had "influenced" his sentencing on the burglary, but denied Bourgeois' petition. The state judge reasoned that the two additional convictions were declared unconstitutional "only on technical grounds of non-unanimous verdict," and therefore that it was not error to have considered them.[1]

Bourgeois then filed a 28 U.S.C. § 2254 habeas petition in federal district court, claiming that he had been denied a fair hearing in state court on the issue of the effect of the unconstitutional convictions on his burglary sentence; that he had been denied due process and equal protection of the law because his trial was fundamentally unfair; and that he had been denied his fifth, sixth, eighth and fourteenth amendment rights by "prejudicial misjoinder of offenses" and ineffective assistance of counsel. The district court reviewed the state trial court records and ruled that a federal evidentiary hearing under 28 U.S.C. § 2254(d) was not necessary. The court then ruled that when imposing sentence on another charge, it was not improper for a sentencing judge to consider *evidence,* adduced at trial, that was the basis for the charges underlying the unconstitutional convictions. Agreeing with the state court that "the convictions were not constitutionally invalid,"[2] the district court judge did not explicitly rule on whether the state court had erred when it allowed the two convictions to influence its sentencing on the valid conviction. The district court found all of Bourgeois' other stated claims to be without merit.

On appeal, Bourgeois again claims that it was error for the state court to consider the fact of his two unconstitutional convictions, and that he has been denied due process and equal protection of the law because prejudicial misjoinder of offenses made his trial fundamentally unfair.[3] We address the issues in turn.

## II.

A sentencing judge generally may exercise wide discretion in the kind of information he considers in determining punishment. *Williams v. New York,* 337 U.S. 241, 246, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949). The judge may properly consider a defendant's past conduct, including evidence of crimes for which the defendant has been indicted but not convicted. *Unit-*

---

1. The statement by the state court, and later by the federal district court, that Bourgeois' convictions had been vacated on purely "technical" grounds and were not constitutionally invalid is incorrect. *Burch v. Louisiana* expressly held that conviction in a case such as Bourgeois' by only five jurors "deprives an accused of his constitutional right to a trial by jury." *Burch,* 441 U.S. at 134, 99 S.Ct. at 1625.

2. *See supra* note 1.

3. Bourgeois does not appeal the district court's ruling that he has not been denied effective assistance of counsel. He does, however, allege generally that he has been denied both a fundamentally fair trial and a full, fair, and adequate hearing "on the merits of the factual dispute." He makes these allegations in connection with his burglary trial and the subsequent habeas corpus proceedings in both state and federal court. We have considered these allegations, and, on the record before us, find them to be wholly without merit.

ed States v. Ochoa, 659 F.2d 547, 549 (5th Cir.1981). The sentencing judge may not, however, consider the fact of prior convictions that were unconstitutionally obtained. See United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (prior convictions unconstitutionally obtained in violation of the right to counsel may not be considered by sentencing judge); Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) (it is improper for sentencing judge to consider materially untrue aspects of defendant's criminal record).

The sentencing judge in United States v. Tucker, supra, specifically considered that Tucker had two prior felony convictions before imposing sentence upon him for armed robbery. Those previous convictions were later found to be unconstitutional under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The Supreme Court held that it was error for the sentencing judge to have considered Tucker's invalid convictions, and remanded Tucker's case to the trial court for reconsideration of sentence without consideration of the fact that Tucker had convictions later held to be invalid. Although the improperly considered facts in Tucker included convictions obtained in violation of the right to counsel, the Supreme Court did not limit its holding to a particular type of unconstitutional conviction. Framing the issue simply as whether the later sentence "might have been different" if the sentencing judge had known that at least two of Tucker's previous convictions had been unconstitutionally obtained, the Supreme Court answered in the affirmative. Tucker, 404 U.S. at 448, 92 S.Ct. at 592. We therefore do not accept the state's attempts to distinguish Tucker on the grounds that a different type of constitutional infirmity in the invalid convictions is presented here.

■ The sentencing data before the state judge in Bourgeois' case included convictions held to have been obtained in violation of the defendant's sixth amendment right to a jury trial. In denying Bourgeois' state habeas corpus petition, the trial judge stated that his sentence was "influenced by the two additional convictions." We have earlier held that unless it can be ascertained from the record that a trial court's sentence on a valid conviction was not affected by a subsequently invalidated conviction on another count of the indictment, a defendant must be resentenced on the valid conviction. Jerkins v. United States, 530 F.2d 1203, 1204 (5th Cir.1976). Because we are unable to find that the invalid convictions did not influence the state court's sentence on Bourgeois' burglary conviction, Bourgeois is entitled to a resentencing hearing in state court.

We recognize that in Bourgeois' case, unlike Tucker, the sentencing judge was the same judge who presided over the trial resulting in the invalid convictions. Consequently, at the time of the subject sentence, he was aware not only of the convictions, but also of the evidence that supported those convictions. If it were clear from the record before us that he had considered only that evidence when confecting the sentence, we would be unable to say that the sentence was defective. But here the record reflects the judge's plain words that he was "influenced by the [invalid] convictions." Although it may be argued that the judge did not intend a strict construction or literal interpretation of the words, it cannot be ascertained from this record that the sentence on the burglary conviction was not affected by the invalid attempted-burglary and theft convictions.

We reiterate that a sentencing judge may properly consider evidence of acts by the defendant for which he has not been convicted. United States v. Ochoa, 659 F.2d at 549; United States v. Benton, 637 F.2d 1052, 1060 (5th Cir.1981). At the resentencing hearing, in the absence of the invalid convictions, the state judge may choose to revise Bourgeois' twelve-year sentence for burglary. Given the broad discretion of a sentencing judge, however, he may also decide to reimpose the same sentence on Bourgeois in the light of evidence that was adduced at trial, even

though some of that evidence underlay the invalid convictions. It is the fact that he was convicted that may not be considered.

### III.

Bourgeois next contends that he was prejudiced by the joinder of all the counts of burglary, attempted burglary, and auto theft in one trial. He alleges that the invalidation of the conviction on two of the counts taints his burglary conviction, and that absent evidence on the charges of attempted burglary and auto theft, he would not have been convicted of burglary.

In order for a defendant to prevail on a claim that he was tried on charges impermissibly joined, he must establish that his trial was rendered fundamentally unfair by simultaneous trial of more than one offense. *Tribbitt v. Wainwright,* 540 F.2d 840 (5th Cir.1976), *cert. denied,* 430 U.S. 910, 97 S.Ct. 1184, 51 L.Ed.2d 587 (1977). The evidence in Bourgeois' case, however, shows that the crimes with which he was charged arose out of a single sequence of acts and arose at or about the same time. The charges were thus properly joined in the same Bill of Information. We affirm the district court's finding that simultaneous trial of the related offenses charged was not fundamentally unfair.

The judgment of the district court denying Bourgeois' habeas corpus petition is VACATED. The petition is GRANTED unless the state court holds a resentencing hearing for Bourgeois within a reasonable time, which should not exceed ninety days from the issuance of the mandate in this case.

VACATED AND REMANDED.