Jerry Lynn YOUNG,
Petitioner–Appellant,

v.

Steve W. PUCKETT, Superintendent of the Mississippi State Penitentiary at Parchman, Respondent–Appellee.

No. 89–4211.

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1990.

---

**870**

Prof. Henry Gabriel (Court-appointed) New Orleans, La., for petitioner-appellant.

Jerry Lynn Young, pro se.

JoAnne M. McLeod, Asst. Atty. Gen., Mike Moore, Atty. Gen., Jackson, Miss., for respondent-appellee.

Before POLITZ, KING and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

This appeal addresses whether a petition for a writ of habeas corpus is successive under Rule 9(b) of the Rules Governing 28 U.S.C. § 2254 cases. Appellant asserts that his petition is not successive because the law and the surrounding circumstances have changed since he filed his previous petition. Because we find that our recent disposition of *Young v. Herring*, 917 F.2d 858, works a significant change in the facts of this case, we vacate the district court's order dismissing Young's petition and remand to the district court for further proceedings on the merits of appellant's petition.

I.

Appellant Jerry Lynn Young was convicted on February 19, 1981, of the armed robbery of the Union Life and Fire Insurance Company. During his trial, Young attempted to suppress evidence of a recent prior conviction. Two months earlier, Young had been convicted of the armed robbery of the Bank of Mississippi in Tupelo, Mississippi. The earlier conviction is the subject of the companion case on appeal, *Young v. Herring*, 917 F.2d 858, in which we have granted a writ of habeas corpus. We granted habeas due to the admission in evidence of identification testimony tainted by an impermissible pretrial photo array procedure. See *Young v. Herring*, 917 F.2d 858, for the relevant facts and procedural history of that case.

The state trial court refused to suppress the evidence. The court also refused to suppress evidence that, fifteen years earlier, Young had been convicted of two other armed robberies.

Upon the concrete assurances of the prosecution that it would introduce the prior convictions as evidence against him, Young decided to testify, uncounseled, about the convictions himself. He explained to the jury that the two fifteen-year-old robberies were a product of his distant youth. He testified that he had never denied his guilt for those crimes and he had paid his debt to society in full. Since then, he had managed to start over afresh, create a family, and lead a clean existence. He claimed he did not commit the recent robbery of the Bank of Mississippi for which he nonetheless had been convicted. Despite this testimony, he was convicted of the insurance company robbery. The conviction was affirmed by the Mississippi Supreme Court. *Young v. State*, 425 So.2d 1022 (Miss.1983).

As detailed in *Young v. Herring*, 917 F.2d 858, the district court initially granted a writ of habeas corpus in that case. Subsequently, Young filed for a writ of habeas corpus in this case. He asserted that his forced testimony about the prior conviction in *Young v. Herring* constituted a violation

of his right to due process because the previous conviction had been declared constitutionally infirm. The district court denied the writ. Young appealed, but before this Court could consider his appeal, we reversed the district court's grant of habeas in *Young v. Herring.*[1] Because the prior conviction had not been declared unconstitutional by a court of competent jurisdiction, the appeal from his original petition in this case became moot. This Court thus never reviewed the petition on the merits.

In December 1986, Young filed a second habeas petition apparently alleging similar grounds for relief. The district court dismissed the petition without prejudice as "premature" until such time as a court of competent jurisdiction decided whether the prior conviction in *Young v. Herring* was unconstitutional. *Young v. Cabana*, EC 88–369–S–D (October 13, 1987). This decision initially was appealed to this Court, but was dismissed upon appellant's motion. *Young v. Cabana*, No. 87–4865.

Finally, in mid-1988, appellant Young filed a third petition for habeas in federal district court. The State of Mississippi filed a Motion to Dismiss pursuant to Rule 9(b) of the Rules Governing 28 U.S.C. § 2254 cases. The district court found the petition to be "successive" and dismissed the case with prejudice on March 3, 1989. Young appeals from the dismissal.[2]

## II.

Rule 9(b) of the Rules Governing 28 U.S.C. § 2254 cases states:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

A request for federal habeas relief can be dismissed under the rule only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the court reached the merits of the previous petition, and (3) the ends of justice are served by refusing to reach the merits of the current petition. *See Sanders v. United States*, 373 U.S. 1, 15–18, 83 S.Ct. 1068, 1077–79, 10 L.Ed.2d 148 (1963).

Appellant urgently asserts that his petition is not successive. The assertion is based upon recent changes in the disposition of *Young v. Herring*, and upon an asserted change in law pursuant to *Bourgeois v. Whitley*, 784 F.2d 718 (5th Cir. 1986). First, Young correctly contends that the present disposition of the consolidated case *Young v. Herring*, 917 F.2d 858, creates a new circumstance that has not been considered previously. This Court recently determined that the trial court in that case erroneously admitted impermissible identification testimony. Accordingly, we granted the writ of habeas corpus. This recent development significantly alters the circumstances of the present case. For the first time, a court of competent jurisdiction has declared the conviction invalid.[3]

Additionally, Young raises the argument that *Bourgeois v. Whitley, supra*, 784 F.2d 718, creates a new legal ground for relief that he could not have asserted in his original habeas petition. Previously, the dis-

---

**1.** This Court reversed on the ground that the state court had based its decision upholding the conviction upon an independent and adequate state ground. Young apparently had failed to comply with the state contemporaneous objection rule. *See Young v. Herring*, 917 F.2d 858; *Young v. Herring*, 777 F.2d 198 (5th Cir.1985).

**2.** Young filed a motion in district court for a certificate of probable cause. The court denied the motion. Pursuant to Federal Rule of Appellant Procedure 22(b), this Court granted appel-

lant a certificate of probable cause on October 12, 1989. In the same order, this Court also consolidated the subject case with *Young v. Herring*, 917 F.2d 858.

**3.** The district court in *Young v. Herring* originally determined that the conviction violated due process. As we held on appeal, however, the court was without power to review the constitutional issue on habeas due to a state procedural bar. *Young v. Herring*, 777 F.2d 198 (5th Cir. 1985).

trict court found that, under *Burgett v. Texas*, 389 U.S. 109, 114–16, 88 S.Ct. 258, 261–62, 19 L.Ed.2d 319 (1967), only the admission of prior convictions that are unconstitutional based upon a facial lack of representation constitutes a violation of due process. Thus, the court held that the admission of the prior conviction, even if invalid, was not a denial of due process because appellant Young had been counseled in the prior case.

According to appellant, subsequent to the district court's decision, this Court has held that the admission of prior convictions that are constitutionally infirm for reasons *other than* lack of representation also can work a denial of due process. *Bourgeois, supra,* 784 F.2d at 721. This argument likewise has never before been addressed by the district court nor by this Court in the present case.[4]

Due to the changes in the circumstances of this case outlined above, the "ends of justice" are no longer served by refusing to reach the merits of the current petition. *Sanders, supra,* 373 U.S. at 15–18, 83 S.Ct. at 1077–79. We therefore find that the subject petition for habeas currently is not successive within the meaning of Rule 9(b). We vacate the district court's order dismissing Young's petition for habeas corpus and remand the case to the district court for consideration on the merits in light of the recent disposition of *Young v. Herring* and the recognition of a broadening of the application of *Burgett* in later cases including *Bourgeois.*

VACATED AND REMANDED.

KING, Circuit Judge, specially concurring:

I concur in the judgment in this case, albeit reluctantly. The petitioner, Jerry Lynn Young (Young) was convicted, in two separate trials, of armed robbery of the Bank of Mississippi, and of armed robbery of the Union Life and Fire Insurance Company. Young's conviction for the first crime was admitted into evidence at his second trial.

On habeas review of Young's first conviction, the district court concluded that his first conviction was constitutionally infirm because it was based, in part, on an improperly suggestive pre-trial identification. In response to this decision, Young filed his first petition in the instant case, claiming that he was denied due process at his second trial because he was forced to testify in order to explain his constitutionally improper conviction for the first offense. The district court denied Young's petition and Young appealed.

While Young's first petition in the instant case was on appeal to this court, we reversed the district court decision that had found his first conviction improper. *See Young v. Herring,* 777 F.2d 198 (5th Cir. 1985). Because Young could no longer assert that his first conviction was constitutionally infirm, we dismissed Young's petition in the instant case. We reasoned:

> [T]he underpinning of Young's due process claim has vanished because this court has recently reversed the grant of habeas relief and remanded his case to the district court for consideration of Young's remaining claims. Without a void prior conviction, Young's argument is meritless. (Citation omitted).

Young filed a second petition that was dismissed on his own motion without prejudice until such time as a court of competent jurisdiction could decide whether Young's first conviction violated due process. Young filed a third petition that was denied because it was successive. He appeals from the dismissal of his third petition.

Young's third petition is clearly successive. We reached the merits of his appeal from the district court's denial of his first petition and correctly dismissed his appeal. We based our denial of his petition, however, on our conclusion that his first conviction was valid. We have reconsidered Young's first conviction and have conclud-

---

4. Whatever grounds Young asserted in the second habeas petition, even if identical to the grounds asserted in the present petition, the district court never reached the merits of the petition due to its finding that the petition was premature until a court of competent jurisdiction declared the conviction in *Young v. Herring* unconstitutional.

ed once again that his first conviction was constitutionally infirm. *See Young v. Herring*, 917 F.2d 858. For the reasons stated in my dissent in *Young v. Herring*, I believe that Young's first conviction was valid.

Our most recent conclusion in *Young v. Herring* constitutes an important change in circumstances in the instant case. On Young's appeal from denial of his first petition, we did not believe that Young validly could claim that his first conviction was void. We therefore did not consider whether admission of an invalid prior conviction violated his due process rights. Because our vacillating positions concerning Young's first conviction has prevented proper consideration of Young's due process claim in the instant case, the ends of justice will be better served by allowing Young's petition to proceed. I therefore concur in the judgment.