**Jerry Lynn YOUNG,**
**Petitioner–Appellant,**

v.

**Steve W. PUCKETT, Superintendent,**
**Mississippi State Penitentiary**
**at Parchman, Respondent–Appellee.**

No. 89–4211.

United States Court of Appeals,
Fifth Circuit.

July 26, 1991.

Prof. Henry Gabriel, New Orleans, La. (Court-appointed), for petitioner-appellant.

Marvin L. White, Jr., Asst. Atty. Gen., Charlene R. Pierce, Mike Moore, Atty. Gen., Jackson, Miss., for respondent-appellee.

ON PETITION FOR REHEARING

(Opinion November 6, 1990, 5th Cir., 917 F.2d 869)

Before POLITZ, KING, and WILLIAMS, Circuit Judges.

KING, Circuit Judge:

We grant rehearing and withdraw our prior opinion in this case, reported at 917 F.2d 869 (5th Cir.1990), and substitute the following:

The petitioner Jerry Lynn Young (Young) contends that he was forced to testify at his trial for armed robbery in order to explain a prior, constitutionally infirm conviction for armed robbery. Young argues that he was thereby deprived of his right to due process of law under the Fourteenth Amendment to the United States Constitution. We have concluded *en banc*, however, that Young has failed to establish that the prior conviction was constitutionally infirm. *See Young v. Herring*, 938 F.2d 543 (5th Cir.1991) (*en banc*). Because the success of Young's claim depends on the existence of a prior, constitutionally infirm conviction, we affirm the district court's denial of Young's petition.

I.

A Mississippi state court convicted Young of the armed robbery of the Union Life and Fire Insurance Company (Union Life conviction), and the Mississippi Supreme Court affirmed that conviction. *Young v. State*, 425 So.2d 1022 (Miss.1983). Just two months earlier, Young had been convicted of the armed robbery of the Bank of Mississippi in Tupelo, Mississippi (Tupelo conviction). The Tupelo conviction is the subject of the companion case, *Young v. Herring*, 938 F.2d 543 (5th Cir.1991) (en banc). Young decided to testify at the Union Life trial because the prosecution assured him that it intended to introduce into evidence the Tupelo conviction and two other armed robbery convictions.[1] The

jury found Young guilty despite his attempt to explain these convictions.

Following exhaustion of his direct appeals, Young challenged the Tupelo conviction in a habeas petition in federal district court. Young contended, *inter alia*, that his Tupelo conviction had been tainted by an improperly suggestive pre-trial photographic identification procedure. The district court agreed, granted the writ, and the state of Mississippi appealed. Because the district court found the identification issue sufficient to grant the writ, it did not consider any other claims in Young's habeas petition. After the district court found the Tupelo conviction constitutionally infirm, Young applied for a writ of *habeas corpus* in the instant case, arguing that he had been deprived of his right to due process of law in the instant case because he had been forced to testify in order to explain his constitutionally infirm Tupelo conviction. The district court denied the writ, and Young appealed.

Before we could consider the merits of Young's appeal in the instant case, however, we reversed the district court's grant of the writ in *Young v. Herring*, 777 F.2d 198 (5th Cir.1985) (*Young I*). We concluded in *Young I* that we could not consider Young's claim that his Tupelo conviction had been tainted by an impermissibly suggestive pre-trial photographic identification because the Mississippi Supreme Court had based its denial of that claim on an adequate and independent state procedural bar. *Id.* at 202–04. We remanded, however, for the district court to consider the other claims in Young's habeas petition.

In the instant case, we affirmed the district court's denial of Young's petition because Young could no longer assert that his Tupelo conviction had been declared unconstitutional by a court of competent jurisdiction. We reasoned:

> [T]he underpinning of Young's due process claim has vanished because this court has recently reversed the grant of habeas relief and remanded his case to the district court for consideration of Young's remaining claims. Without a

---

1. These two other convictions occurred some fifteen years earlier.

void prior conviction, Young's argument is meritless.

*Young v. Lucas,* No. 85–4371 (5th Cir. March 11, 1986) [785 F.2d 1033 (table)] (citations omitted). Young then filed a second habeas petition contesting his Union Life conviction. The district court dismissed that petition without prejudice on Young's motion until such time as a court of competent jurisdiction decided whether Young's Tupelo conviction was constitutionally infirm. Young initially appealed that decision, but his appeal was dismissed on his own motion. Young subsequently filed a third federal habeas petition, at issue in the instant opinion, which the district court denied as successive. Young appealed.

On remand in *Young v. Herring,* Young once again argued, *inter alia,* that his Tupelo conviction had been based on an impermissibly suggestive pre-trial identification. The district court found that the law of the case doctrine precluded reconsideration of the identification issue, that the remainder of Young's claims lacked merit, and denied Young's petition. Young appealed from the district court's denial of the writ in *Young v. Herring.* We consolidated his appeal in *Young v. Herring* with his appeal from the denial of his third habeas petition in the instant case. In *Young v. Herring,* 917 F.2d 858 (5th Cir.1990) (*Young II*), we concluded that the law of the case doctrine did not foreclose review of Young's identification claim because of an intervening change in the law. Reaching the merits of Young's identification claim, we found that the pre-trial photographic identification procedure had been impermissibly suggestive. *Id.* at 861–62. We did not reach any other issues in Young's appeal. *Id.* at 863–64.

In the instant case, we observed that a court of competent jurisdiction once again had determined that Young's Tupelo con-

viction was constitutionally infirm. *Young v. Puckett,* 917 F.2d 869 (5th Cir.1990). We reasoned that our decision in *Young II* constituted an important change in circumstances in the instant case and that the "ends of justice" would not be served by denying Young's third habeas petition as successive under Rule 9(b) of the Rules Governing 28 U.S.C. § 2254 cases.[2] We therefore vacated the district court's denial of the writ, and remanded the case to the district court for consideration on the merits. *Id.*

The saga of *Young v. Herring,* however, was not yet complete. We subsequently granted the State's petition for rehearing *en banc* in *Young v. Herring,* thereby vacating the panel opinion, and because our decision in the instant case depended on our finding that Young's Tupelo conviction was constitutionally infirm, we also granted rehearing in the instant case. On rehearing *en banc* in *Young v. Herring,* 938 F.2d 543 (5th Cir.1991), we concluded that the Mississippi Supreme Court's denial of Young's identification claim had been based on an adequate and independent state procedural bar. We therefore remanded for the panel to consider the other issues raised in Young's appeal from the district court's denial of his habeas petition. *Id.* On remand to the panel, we found that Young's other claims lacked merit and affirmed the district court's denial of Young's petition.

Because we have concluded that Young's conviction in *Young v. Herring* was not constitutionally infirm, Young can no longer assert that our decision in *Young II* worked an important change in circumstances, or that the ends of justice would not be served by denying his petition as successive. We therefore reverse the panel decision in the instant case and affirm the district court's denial of Young's third habeas petition as successive.

---

2. *See Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). In *Sanders,* the Court stated:

Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was

determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

*Id.* at 15, 83 S.Ct. at 1077 (footnote omitted).

## II.

For the foregoing reasons, we affirm the district court's denial of Young's third habeas petition as successive under Rule 9(b) of the Rules Governing Section 2254 Cases.

AFFIRMED.