**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 92-7147
_____

JAMES ROY KNOX,

Petitioner-Appellant,

VERSUS

JAMES A. COLLINS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

August 23, 1993

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

In this appeal, we are asked to explain what we meant by the phrase "reasonable time," when we ordered the district court to grant a writ of habeas corpus unless the State of Texas retried the petitioner "within a reasonable time."  Holding that this phrase vests the district court with broad discretion to determine how quickly the retrial should proceed, we affirm.

I.

In December of 1985, James Roy Knox (Knox) was convicted in the 56th Judicial District Court, Galveston County, Texas, of capital murder and sentenced to death.  After an unsuccessful direct appeal and after exhausting his state remedies, Knox filed a petition for a writ of habeas corpus in the Southern District of

Texas. The district court dismissed Knox's petition, and denied his motion to alter or amend the judgment. This court reversed the district court's order and remanded "with instructions to grant the writ of habeas corpus, unless the State of Texas conducts a new penalty determination proceeding within a reasonable time." **Knox v. Collins**, 928 F.2d 657, 662 (5th Cir. 1991).

This court's mandate issued in April of 1991. In November of 1991, Knox filed a Motion to Enforce Mandate, claiming the "reasonable time" in which the state could retry Knox had expired.[1] Later in the same month, the state moved for the district court to determine when a retrial had to commence. In February of 1992, after an oral hearing, the district court denied Knox's motion and ordered that "the State of Texas shall begin Petitioner's retrial within ninety (90) days of the entry of this order." In March of 1992, the district court granted Knox's motion to stay the order and issued a certificate of probable cause to appeal.

II.

A.

Knox argues that "reasonable time," within the meaning of our mandate, means "90 days." The state responds that our mandate left it with no duty or authority to begin Knox's retrial until the district court entered an order setting a time limit for new

---

[1]Although our opinion contemplated the State of Texas conducting a new penalty determination, both Knox and the State agree that under Texas law applicable to Knox's case, the State cannot retry Knox on punishment issues only, but must conduct an entirely new proceeding on both guilt/innocence and punishment. Tex. Code Crim. Proc. Ann. Art. 44.29(c) (Vernon Supp. 1993); **Daniel v. State**, 585 S.W.2d 688 (Tex. Crim. App. 1979); **Hickman v. State**, 548 S.W.2d 736 (Tex. 1977).

2

proceedings to begin.

We agree with Knox that our mandate, by its terms, is self-executing. In directing the district court to grant the writ of habeas corpus unless the state retries Knox within a reasonable time, the mandate does not require an additional order by the district court setting a time limit for new proceedings to begin.

However, we disagree with Knox that our mandate, by the phrase "reasonable time," meant "90 days." Knox cites **Bourgeois v. Whitley**, 784 F.2d 718 (5th Cir. 1986), in which we ordered that a habeas corpus petition be granted unless the state court held a resentencing hearing within "a reasonable time, which should not exceed ninety days from the issuance of the mandate in this case." In that case we implicitly recognized that 90 days was a reasonable time within which to retry the habeas corpus petitioner. But we issued no such order in this case. **Bourgeois** demonstrates that, if we had intended to limit the state to 90 days to retry Knox, we knew how to draft an order accomplishing that result. By using the unrestricted phrase "reasonable time," we vested the district court with broad discretion to weigh the particular circumstances faced by Knox and the state in getting the case to trial, and decide how quickly the trial should proceed. This discretion, of course, is subject to the limits established by the constitutional guarantee of a speedy trial. **Doggett v. United States**, ___ U.S. ___, 112 S.Ct. 2686, 120 L.Ed.2d 520, 528 (1992).

Based on the limited evidence presented by Knox, the district court correctly determined that Knox has not established an

3

unreasonable delay in the constitutional sense.[2]  We conclude that the district court did not abuse the broad discretion given by our mandate.

B.

Knox also argues that the state has waived its right to seek the death penalty on retrial.  At the hearing before the district court, Knox did not address evidence, nor did he request permission to put on evidence, establishing that the state had waived its right to seek the death penalty on retrial.  We are satisfied that Knox has not established a waiver as a matter of law from the admitted facts.  We therefore decline to upset the district court's judgement on this basis.

III.

For the reasons stated above, the order of the district court is AFFIRMED.

---

[2]However, this issue was not fully ventilated before the district court.  Therefore, Knox's right to present this issue to the state court is reserved.