52 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Johnny Lee WASHINGTON, Petitioner-Appellant,
v.
Ronald CHAMPION and Attorney General, for the State of
Oklahoma, Respondents-Appellees.
 No. 94-5113.
(D.C. No. 92-C-834-B)
 United States Court of Appeals, Tenth Circuit.
 April 17, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Petitioner-appellant Mr. Washington, appearing pro se and in forma pauperis, appeals from the judgment of the district court (entered on the docket April 24, 1995), granting his petition for habeas corpus unless he is granted a new direct appeal in CRF-85-280, a conviction used to enhance his current sentence in CRF-90-474. Mr. Washington argues that the district court should have reached the merits on his first two claims, ineffective assistance of trial counsel and withholding of exculpatory evidence, rather than merely granting conditional relief on his third claim, denial of Sixth Amendment right to counsel on appeal. Because the district court determined that the first two issues could be addressed in a state direct appeal, it did not decide whether Mr. Washington had procedurally defaulted those issues. Respondents-Appellees have moved to dismiss or stay the appeal contending that the district court's order was not a final order.
 
 
 2
 After the notice of appeal was filed, the State sought to amend the judgment. The district court correctly construed the motion as one for relief under Fed.R.Civ.P. 60(b), and modified its judgment, although technically, a remand from this court would be required. See Aldrich Enterprises, Inc. v. United States, 938 F.2d 1134, 1143 (10th Cir.1991). In February 1995, the Oklahoma Court of Criminal Appeals granted Mr. Washington an appeal out of time in CRF-80-280 pursuant to the district court's amended order. I R.S.2d doc. 46.
 
 
 3
 We reject the state's contention that we lack jurisdiction because the order appealed from is not final. See 28 U.S.C. 1291. We are satisfied that we would have jurisdiction over the district court's initial order granting the writ conditionally, although the district court did not address all of Mr. Washington's claims. See Young v. Herring, 777 F.2d 198, 201-02 (5th Cir.1985); Blake v. Kemp, 758 F.2d 523, 524-25 (11th Cir.), cert. denied, 474 U.S. 998 (1985).
 
 
 4
 There is another apparent jurisdictional issue, however, the "in custody" requirement of 28 U.S.C. 2254. Although the "in custody" requirement is determined as of the date the petition is filed, Carafas v. LaVallee, 391 U.S. 234, 238 (1968), and Mr. Washington was in custody then, we are informed that the 1990 conviction in CRF-90-474 has been reversed and the case remanded. I R.S.2d doc. 44 at 1. Mr. Washington was placed on bond pending disposition of the charges in CRF-90-474. Id. The sentence in CRF-90-474, as enhanced by the 1985 conviction, allowed Mr. Washington to attack the 1985 conviction. See Maleng v. Cook, 490 U.S. 488, 494 (1989) (per curiam); Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir.), cert. denied, 498 U.S. 879 (1990). The mere possibility that the 1985 conviction may be used to enhance a subsequent conviction would be insufficient in itself to meet the "in custody" requirement. Maleng, 490 U.S. at 492. However, Mr. Washington is on bond and could meet the "in custody" requirement. See Justices of Boston Municipal Ct. v. Lydon, 466 U.S. 294, 300-02; Hensley v. Municipal Court, 411 U.S. 345, 351 (1973).
 
 
 5
 Given that we have jurisdiction, we agree with the State that this appeal should be dismissed in the interests of justice. 28 U.S.C. 2254(b). Considerations of comity and federalism require that Mr. Washington exhaust his federal claims in the now-available state appeal. See Granberry v. Greer, 481 U.S. 131, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 518 (1982).
 
 
 6
 The State's Amended Motion to Dismiss or Stay Appeal is GRANTED in part as above noted. APPEAL DISMISSED without prejudice.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)