United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60302
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES ALLEN MORRIS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:04-CV-72
USDC NO. 2:02-CR-74-1
--------------------

Before SMITH, WIENER and OWEN, Circuit Judges.

PER CURIAM:*

    James Allen Morris, federal prisoner # 11614-042, was

convicted following a guilty plea to possession with intent to

distribute in excess of five grams of a mixture and substance

containing cocaine base, in violation of 21 U.S.C. § 841(a)(1)

and (b)(1)(B), and being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).  He was

sentenced to concurrent terms of 230 months and 120 months of

imprisonment.  He filed a 28 U.S.C. § 2255 motion to vacate, set

--------

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aside, or correct his sentence. The district court dismissed Morris's claims, but preserved for further briefing Morris's claim regarding the drug quantity used to determine his sentence. The record does not indicate that the district court has ruled upon the drug quantity issue. Morris now seeks a certificate of appealability (COA) to appeal the district court's partial dismissal of his § 2255 claims.

In general, courts of appeals have jurisdiction of appeals from all final decisions of the district courts. 28 U.S.C. § 1291. Similarly, in a § 2255 proceeding, "the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held" and a COA is to be issued from a "final order." 28 U.S.C. § 2253(a) and (c)(1). Moreover, the district court is required to "deny a COA as to each issue presented by the applicant." Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998) (§ 2254 proceeding).

Given that the district court did not rule on and ordered further briefing on Morris's drug quantity claim, the judgment denying Morris's other § 2255 claims was not a final order and appellate jurisdiction does not exist. See Young v. Herring, 777 F.2d 198, 202 (5th Cir. 1995). Accordingly, Morris's motion for COA is denied, and the appeal is dismissed for lack of jurisdiction. Morris's motion for leave to proceed IFP is also denied.

MOTIONS DENIED; APPEAL DISMISSED.