762 F.2d 45
 Roger MILLER, Petitioner-Appellant,
v.
William A. MISFUD, Chief of Dept. of Probation Services For
Franklin County Muni. Court, City of Whitehall
Ohio; Ted Zwayer, City Attorney,
Respondents-Appellees.
 No. 84-3937.
 United States Court of Appeals,
Sixth Circuit.
 May 14, 1985.
 
 George C. Rogers, Rogers & Godbey Co., LPA, Toledo, Ohio, for petitioner-appellant.
 Ronald W. Routson, Woods, Bryan, Woods & Watson, Nashville, Tenn., for amicus curiae.
 Craig B. Paynter, Columbus, Ohio, for respondent-appellee Misfud.
 Kevin P. Durkin, Columbus, Ohio, for respondents-appellees Whitehall and Zwayer.
 Before KEITH, MARTIN and JONES, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon respondent-appellee Misfud's motion to dismiss and petitioner-appellant's responsive memorandum.
 
 
 2
 Petitioner Miller filed a petition for writ of habeas corpus and a civil rights claim under 42 U.S.C. Sec. 1983 which sought to enjoin the city of Whitehall, Ohio from enforcing its ordinances prohibiting the sale of drug paraphernalia. His petition for writ of habeas corpus was denied and he filed the instant appeal on November 15, 1984. During the pendency of the appeal, petitioner dismissed his civil rights claim without prejudice; he did not file a new notice of appeal. Respondent has filed a motion to dismiss the appeal.
 
 
 3
 In United States ex rel. Stachulak v. Coughlin, 520 F.2d 931 (7th Cir.1975), cert. denied, 424 U.S. 947, 96 S.Ct. 1419, 47 L.Ed.2d 354 (1976), the Seventh Circuit held that the failure of an appellant to procure Federal Rule of Civil Procedure 54(b) certification did not prevent that court from exercising jurisdiction over the appeal from the disposition of the habeas claim despite the pendency in the district court of another claim. The court reasoned that habeas corpus is intended to be " 'a prompt and efficacious remedy for whatever society deems to be intolerable restraints.' To delay an appeal from an order granting or denying such relief pending disposition of another claim ... conflicts with the emphasis on prompt decision." Id. at 934 (quoting Fay v. Noia, 372 U.S. 391, 401-402, 83 S.Ct. 822, 828-829, 9 L.Ed.2d 837 (1963)). We agree with the reasoning of the Seventh Circuit and we now follow Stachulak.
 
 
 4
 Accordingly, it is ORDERED that respondent's motion to dismiss be and hereby is denied.
 
 
 5
 ENTERED BY ORDER OF THE COURT.