**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN BRETT ALLEN,

Defendant-Appellant.

No. 97-1189
(D.C. No. 95-N-887)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In federal district court, defendant John Brett Allen sought habeas relief pursuant to 28 U.S.C. § 2255 and return of his forfeited property pursuant to Fed. R. Crim. P. 41(e). The court denied the § 2255 motion and deferred ruling on the Rule 41(e) motion pending additional briefing. Mr. Allen appealed the district court's order denying his § 2255 motion. The government has moved to dismiss the appeal on the basis that it is not from a final appealable order because the Rule 41(e) motion remains pending.

We have jurisdiction only over final judgments of the district courts. See 28 U.S.C. § 1291; see also 28 U.S.C. § 2253(a) (habeas). A judgment is final and appealable if litigation on the merits is completed and the court needs only to execute the judgment. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978). Orders that leave issues unresolved are not considered final unless the district court expressly determines there is no just reason to delay the entry of final judgment pursuant to Fed. R. Civ. P. 54(b).

Petitions seeking habeas corpus relief, however, warrant special consideration in some situations. Historically, habeas relief is available to provide a prompt and efficacious remedy for intolerable government restraint. See Wingo v. Wedding, 418 U.S. 461, 468 (1974). The "government must always be accountable to the judiciary for a man's imprisonment: if the imprisonment cannot be shown to conform with the fundamental requirements of law, the

individual is entitled to his immediate release." Id. (quotation omitted); see also Johnson v. Rogers, 917 F.2d 1283, 1284 (10th Cir. 1990) ("[W]rits of habeas corpus are intended to afford a swift and imperative remedy in all cases of illegal restraint or confinement." (quotations omitted)).

In United States ex rel. Stachulak v. Coughlin, 520 F.2d 931 (7th Cir. 1975), the petitioner sought both habeas relief and relief under 42 U.S.C. § 1983. The district court granted the habeas petition, but reserved ruling on the § 1983 claim. The state appealed without seeking Rule 54(b) certification. See id. at 933-34. The court held that no Rule 54(b) certification was necessary because "[t]o delay an appeal from an order granting or denying [habeas] relief pending disposition of another [unrelated] claim, . . . conflicts with the emphasis on prompt decision." Id. at 934; see also Miller v. Misfud, 762 F.2d 45, 46 (6th Cir. 1985) (following Stachulak).

We agree. The district court's order here ended the litigation as to Mr. Allen's habeas claims and left nothing for the court to do. See Walker v. Wainwright, 390 U.S. 335, 336 (1968) ("great and central" purpose of habeas writ "is to test the legality of a prisoner's current detention"). We conclude that,

despite the pending Rule 41(e) motion, the district court's order denying § 2255 relief was a final decision over which we have appellate jurisdiction.[1]

Mr. Allen pled guilty to one count of operating a continuing criminal enterprise and two counts of obstruction of justice. See United States v. Allen, 24 F.3d 1180, 1181-82 (10th Cir. 1994). He was sentenced to 200 months' imprisonment and five years' supervised release. His convictions were affirmed on appeal.

In his § 2255 motion, Mr. Allen asserted that his convictions for obstruction of justice violated his First Amendment right to free speech and that the conviction used to enhance his sentence was invalid.[2] The district court, while noting that Mr. Allen had waived his issues by not raising them on direct appeal, chose to address the merits of the motion rather than affording Mr. Allen the opportunity to show cause and prejudice for his failure to raise them on direct appeal. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (court may raise procedural bar sua sponte, but must afford movant opportunity to respond before making procedural bar determination).

---

[1]    Mr. Allen filed his motion prior to the passage of the Antiterrorism and Effective Death Penalty Act and, therefore, does not need a certificate of appealability to proceed on appeal. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).

[2]    Mr. Allen also raised a double jeopardy claim which he later conceded to be without merit in light of United States v. Ursery, 116 S. Ct. 2135 (1996). That claim was dismissed with prejudice. Mr. Allen does not challenge the dismissal.

Mr. Allen argues that he has a First Amendment right to urge a defendant in a case related to his to jump bond and leave the United States and to urge a witness in his case to testify falsely to the grand jury investigating the case about the transfer of $240,000.00. See R. Vol. V., Amended Plea Agreement at 7-8.

The First Amendment does not protect speech which "is directed to inciting or producing imminent lawless actions and [which] is likely to incite or produce such action." Brandenburg v. Ohio, 395 U.S. 444, 447 (1969); see also United States v. Barnett, 667 F.2d 835, 842 (9th Cir. 1982) (First Amendment does not provide defense to criminal charge simply because defendant used the spoken word to encourage and counsel others to commit crimes); cf. Rice v. Paladin Enters., 128 F.3d 233, 244 (4th Cir. 1997) (First Amendment does not bar liability for aiding and abetting a crime by means of the spoken or written word). Mr. Allen's convictions for obstruction of justice were proper.

Mr. Allen also alleged the conviction used to enhance his sentence was unconstitutional. Mr. Allen has challenged the enhancement conviction on direct appeal, see United States v. Allen, 566 F.2d 1193 (3d Cir. 1977), and on collateral attack, see United States v. Allen, 613 F.2d 1248 (3d Cir. 1980). He may not try again in a successive petition.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Circuit Judge