**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Ray OCHOA,
Defendant-Appellant.**

**No. 81–1196
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.*
Unit A

Oct. 15, 1981.

Brady Coleman, Austin, Tex., (court appointed), for defendant-appellant.

Le Roy M. Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

TATE, Circuit Judge:

The defendant Ochoa pleaded guilty to two charges of possession in 1976 of marijuana with intent to distribute it, and he was sentenced to imprisonment for two consecutive four-year terms. The sole issue raised by Ochoa's appeal is his contention that the sentencing judge, in imposing sentence, improperly took into consideration a 1975 Texas state conviction for a prior possession of marijuana, which had been appealed and which still had not been submitted or decided.

The district court was troubled by this issue. Much of the showing at the 1981 sentencing hearing contraindicated a substantial prison sentence for this young Vietnam veteran and gainfully-employed college student, with wife and child. On the other hand, the judge reasoned, if indeed Ochoa had been validly convicted of the earlier marijuana conviction, this circumstance cast into doubt his genuine present seeming rehabilitation, in that—even after the first conviction—he persisted in illegal conduct with regard to marijuana.[1] Having conceded that his sentencing decision would be greatly different if the conviction were reversed for insufficiency of evidence, the judge was faced with the circumstance that the Texas Court of Criminal Appeals was unlikely to decide the appeal within sufficient time [2] so as to allow him to entertain a motion to reduce the sentence, which must be accomplished within 120 days after sentence, Fed.R.Crim.P. 35(b).

The judge's solution was to enter an order under 18 U.S.C. § 4205(b), by reason of which the parole commission might grant the defendant immediate parole if it wishes (rather than requiring him first to serve one-third of the sentence imposed, 18 U.S.C. § 4205(a)). The judge did so with the expectation that the commission might view a conviction reversed for insufficiency of the evidence as if removed from the record, as would the sentencing judge.[3]

As Ochoa's counsel points out on appeal, the district judge's views of the effect of a reversal of the state court conviction are not necessarily binding on the parole commission. Nevertheless, the district court did not commit error of law or abuse its discretion in making its sentencing decision by taking into consideration the nonfinal state conviction.

---

1. *See* Record II at p. 43:

THE COURT: The greatest problem for me, Mr. Ochoa and Mr. Howard, is this: it seems your service in Viet Nam is to your credit; your family is to your credit; your efforts in the recent past are to your credit, including your employment. The great problem is with the state conviction which assessed a sentence of 10 years. If that is a prior conviction, a valid prior conviction, it raises the question whether rehabilitation has in fact taken place, quite clearly. I would be most interested, I would like to have the information actually now as to whether the Court of Criminal Appeals viewed the evidence to support that conviction as sufficient or insufficient. It would have a great bearing on my judgment in this case. If the evidence was viewed to be sufficient, it might stand as a prior conviction, assuming, of course, the search warrant was determined to be valid. I don't know how to get that information prior to sentencing Mr. Ochoa. You see my point, Mr. Ochoa?

\* \* \* \* \* \*

*Id.* at p. 45:

THE COURT: Mr. Howard, my inclination is I must pay deference to this conviction. I don't know how to provide for the eventuality that it may be reversed. A motion for reduction must be filed within 120 days. There is no way to tell whether or not that appeal will be final before the Court of Criminal Appeals within 120 days or not. I don't know how to deal with it, deal with the problem.

2. The state appeal, *Ochoa v. State of Texas*, was filed in Texas Court of Criminal Appeals on November 5, 1979, Docket No. 63,133, and as of the date of preparation of this opinion had still not been set for submission.

3. Record II at p. 46:

[THE COURT:]

Mr. Ochoa, I sentence you to serve 4 years in the custody of the Attorney General of each count, to run consecutively for a total of 8 years. I sentence you under the provision of 4205B2. The purpose of that is to permit the parole commission to grant you parole as soon as they deem it appropriate. In doing this I consider the effect of a reversal for insufficiency of evidence of your prior conviction and state to you that I would expect the parole commission to consider that as I would if it is removed from your record. It will have a great bearing, in my judgment, on their decision as to parole as it would on my decision as to a sentence in your case.

The sentencing judge has wide discretion, largely unlimited in scope, in the kind and source of the information he considers in determining punishment. *Williams v. New York*, 337 U.S. 241, 246, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 *reh. denied*, 338 U.S. 841, 70 S.Ct. 34, 94 L.Ed. 514 (1949); see also *United States v. Tucker*, 404 U.S. 443, 446–47, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). The judge is allowed to go outside the record and consider a defendant's past conduct and activities. *Williams, supra*, 337 U.S. at 250–52, 69 S.Ct. at 1084–85. Such information can properly include evidence of crimes for which the defendant has been indicted but not convicted. *United States v. Benton*, 637 F.2d 1052, 1060 (5th Cir.), *reh. denied*, 645 F.2d 72 (1981); *United States v. Martinez*, 584 F.2d 749, 750 (5th Cir. 1978). In *United States v. Bowdach*, 561 F.2d 1160, 1175 (5th Cir. 1977) the court held the sentencing court had properly considered two prior convictions that had been overturned on appeal. The judge considered them only for the *facts* relating to sentencing, not as "prior" convictions to trigger the enhancement statute. *See also: United States v. Morgan*, 595 F.2d 1134, 1135 (9th Cir. 1979); *United States v. Sweig*, 454 F.2d 181, 183–84 (2d Cir. 1972).

The broad scope of permissible matters to be considered is not without limits. The sentencing court may not, for instance, in imposing sentence take into consideration prior convictions unconstitutionally obtained in violation of the right to counsel, *United States v. Tucker, supra*, 404 U.S. at 447, 92 S.Ct. at 591–92, nor those where assumptions concerning the criminal record of an uncounselled defendant were materially untrue, *Townsend v. Burke*, 334 U.S. 736, 740–41, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1947), in both of which instances post-conviction relief was afforded for improper sentencing errors of the nature stated.

[4] However, we do not have before us now an issue of the consideration of an unconstitutionally obtained prior conviction or of materially false impugning information. Here, the district court was faced with the issue of whether it should, in making its sentencing decision, take into consideration a state conviction still not decided on appeal, and one in which no soon decision might be expected. Reasonable minds might differ in the weight to be assigned to the state conviction for conduct almost contemporaneous with the present offense; nevertheless, under the principles earlier stated, it was within the discretion of the district court to take this factor into account in his sentencing determination, as well as sensitively to allow the parole commission to afford relief if the state conviction were subsequently reversed.

Accordingly, we AFFIRM the conviction.

AFFIRMED.