**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John BUTLER and Judy Butler,
Defendants-Appellants.**

No. 81–2320
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 9, 1982.

Rehearing Denied Aug. 25, 1982.

Michael P. Carnes, Dallas, Tex., for defendants-appellants.

Christian Harrison, Asst. U. S. Atty., Tyler, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON and GARWOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A husband and wife were convicted of conspiring to manufacture and of manufacturing P2P, a controlled substance. The husband was also convicted on two counts of using a telephone in furtherance of the conspiracy. They assert that evidence was improperly admitted at their trial and that suppressed evidence was improperly considered at their sentencing. Finding that neither contention has merit, we affirm.

Our resolution of many of the points raised by the husband and wife, John and Judy Butler, is of no precedential value and is of interest only to the parties. It has been issued to them in manuscript form. Our discussion of one point they raise is of precedential value and it is set forth below.

The Butlers contend that the trial judge erred in considering at sentencing the fruits of an unconstitutional search made at a farmhouse at which they were manufacturing a controlled substance. A motion to suppress was granted because the affidavit

made to obtain the search warrant did not show probable cause. Although it is doubtful that any of the suppressed evidence as revealed in the presentence reports differed substantially from testimony admitted at trial, the district judge explicitly stated that he thought the exclusionary rule inapplicable and that he would consider the suppressed evidence.

The Butlers rely on *Verdugo v. United States*, 402 F.2d 599, 610–13 (9th Cir. 1968), *cert. denied*, 397 U.S. 925, 90 S.Ct. 931, 25 L.Ed.2d 105 (1969), in which the Ninth Circuit held it improper for the trial judge to consider such evidence. The *Verdugo* court did not, however, lay down a blanket rule for such situations; rather, it required a case-by-case weighing of the potential deterrent effect on police misconduct. In *Verdugo* the search was blatantly unconstitutional and one count of the two-count indictment was dismissed once the motion to suppress was granted. The court distinguished an earlier case in which resentencing was not required because there was admissible evidence, independently adduced, on the same facts. The court also noted that any deterrent effect from use of the exclusionary rule at sentencing would be minimal if a conviction were obtained without the evidence suppressed. The Ninth Circuit later held that a trial judge did not abuse his discretion in considering at sentencing evidence suppressed due to a technical flaw in a search warrant's underlying affidavit. *United States v. Larios*, 640 F.2d 938, 941–42 (9th Cir. 1981).

We have permitted broad inquiry at sentencing into a defendant's background, *United States v. Barnett*, 587 F.2d 252, 259 (5th Cir.), *cert. denied*, 441 U.S. 923, 99 S.Ct. 2031, 60 L.Ed.2d 396 (1979). The sentencing judge may consider evidence inadmissible at trial, *United States v. Gonzalez*, 661 F.2d 488, 495 (5th Cir. 1981), and prior convictions overturned on appeal, *United States v. Ochoa*, 659 F.2d 547, 549 (5th Cir. 1981). In *Ochoa*, we noted that a sentencing judge may not consider prior convictions obtained without counsel or where assumptions of an uncounseled defendant's criminal record were materially untrue. *Id.* The potential for factual inaccuracy in these situations is not present, however, where a fourth amendment violation is concerned. Additionally, as the *Larios* court noted, courts have been hesitant to extend the exclusionary rule to situations where the deterrent value is less than that in the actual trial of a case. *See, e.g., United States v. Calandra*, 414 U.S. 338, 348–52, 94 S.Ct. 613, 620–22, 38 L.Ed.2d 561, 571–73 (1974) (refusing to apply exclusionary rule to evidence presented in grand jury proceeding); *United States v. Houltin*, 566 F.2d 1027, 1032–33 (5th Cir.), (expressing doubt whether exclusionary rule should be applied to testimony of coconspirators under grants of immunity where police learned of their knowledge from illegal wiretaps), *cert. denied*, 439 U.S. 826, 99 S.Ct. 97, 58 L.Ed.2d 118 (1978). Therefore, the district court did not err under these circumstances in considering the suppressed evidence for sentencing purposes.

For these reasons, the judgments are AFFIRMED.