| WOODARD, Judge.
In this criminal litigation, the only issue is whether the trial court may consider, for the purpose of sentencing, evidence which had, otherwise, been suppressed for the trial’s guilt phase. The trial court found that it could not view Mr. Wilford Bryant, Jr.’s suppressed, videotaped confession before sentencing him. The State filed writs. Finding the exclusionary rule to be inapplicable to the district court’s consideration of evidence before sentencing, we reverse the trial court’s decision.
[[Image here]]
Originally, the State charged Mr. Bryant, with second degree murder, but later amended his charge to manslaughter. During the pre-trial phase, the trial court denied Mr. Bryant’s motion to suppress statements which, he argued, were obtained in violation of his right to counsel. In a writ decision, issued on November 14, 1996, this court reversed the trial court’s decision and ordered that Mr. Bryant’s statements be suppressed.[1] The supreme court denied the State’s application for writs.[2]
Thereafter, on May 10, 1999, Mr. Bryant entered an Alford plea, and the trial court scheduled sentencing for December, 19, 1999. However, before it imposed a sentence, it denied the State’s request that it view Mr. Bryant’s suppressed videotaped confession. The State sought a writ of review to this court, which we denied. The State applied for supervisory writs to the Louisiana Supreme Court. That court remanded the case to have us issue a full opinion on the issue.
Upon remand, we find that where our State and Federal laws preclude the use of suppressed evidence during the guilt phase of a criminal trial, it does not require the same for the sentencing phase. Accordingly, we reverse the trial court’s decision.
U.Use op a Suppressed Videotaped for Sentencing Purposes
The State asserts that the trial court erred in ruling that it could not consider or view Mr. Bryant’s, otherwise, suppressed videotaped confessions before his sentencing.
After thoroughly researching our jurisprudence, we find this issue to be res nova in Louisiana. However, guided by the following persuasive authority, we reverse the trial court’s decision.
First, in U.S. v. Butler,[3] the United States Fifth Circuit Court of Appeals upheld a trial court’s decision which considered the fruits of an unconstitutional search for sentencing purposes. Also, in U.S. v. Calandra,[4] the United States Supreme Court stated that, “[djespite its broad deterrent purpose, the exclusionary rule has never been interpreted to proscribe the use of illegally seized evidence in all proceédings or against all persons.” *534 Further, in U.S. v. Robins,[5] the Fifth Circuit Court of Appeals remarked that “[i]t is a fundamental principle of sentencing that a district court may conduct an inquiry broad in scope, largely unlimited either as to the kind of information it may consider, or the source from which such information may come.” It concluded that “[t]he exclusionary rule, applicable to the Fourth Amendment violations, is generally inapplicable to the district court’s consideration of evidence for purposes of sentencing.” The U.S. v. McCrory[6] court held that to exclude from trial, evidence obtained in a warrantless search, sufficiently vindicates the exclusionary rule’s purpose and that further suppression at the sentencing phase was unnecessary. It explained that “[i]f the exclusionary rule were extended [sic] to sentencing in the ordinary case, its additional deterrent effect would be so minimal as to be insignificant.”[7]
|3 In Del Vecchio v. Illinois Dept. of Corrections, [8] a defendant challenged the use of his confession at sentencing. He maintained that his confession was taken in violation of Miranda and, thus, should not have been used at his sentencing hearing. Although the court held that his confession was not taken in violation of Miranda, it, nonetheless, found that such a violation would not require the confession’s exclusion at the sentencing proceedings, noting that “[t]he exclusionary rule is generally inapplicable during sentencing.”[9] The court also commented that “evidence which might be inadmissible at the guilt phase of a trial can be admitted at the sentencing phase, as long as it is reliable,” observing that the defendant had done nothing to impugn the reliability of the confession.[10]
Although these decisions are not controlling on us, we subscribe to them as well. We find that Mr. Bryant was sufficiently vindicated when we suppressed his tainted confession from the trial’s guilt phase. Accordingly, we reverse the trial court’s decision and remand the case to the trial court for sentencing.
CONCLUSION
We find that the exclusionary rule does not apply to the trial’s sentencing phase, and we reverse the trial court’s decision.
WRIT GRANTED AND MADE PEREMPTORY; REMANDED FOR FURTHER PROCEEDINGS.

. State v. Bryant, 96-1451 (La.App. 3 Cir. 11/14/96).

. State v. Bryant, 96-2996 (La.3/7/97); 690 So.2d 15.

. 680 F.2d 1055 (5th Cir.1982).

. 414 U.S. 338, 348, 94 S.Ct. 613, 620, 38 L.Ed.2d 561 (1974).

. 978 F.2d 881, 891 (5th Cir.1992).

. 930 F.2d 63 (D.C.Cir.1991), cert. denied, 502 U.S. 1037, 112 S.Ct 885, 116 L.Ed.2d 788 (1992).

.Id. at 68-69.

. 31 F.3d 1363 (7th Cir.1994), cert. denied, 514 U.S. 1037, 115 S.Ct. 1404, 131 L.Ed.2d 290 (1995).

. Id. at 1388.

. Id.