STONE, J.
The defendant, Kevin Lacey Liker, pled guilty to negligent homicide in violation of La. R.S. 14:32(A)(1). The trial court imposed the maximum sentence allowed by law-five years at hard labor. On appeal, Liker argues his sentence is excessive. For the following reasons, we affirm his conviction and sentence.
FACTS AND PROCEDURAL HISTORY
On June 21, 2016, Kevin Lacey Liker ("Liker") was erratically driving his vehicle in Webster Parish at a high rate of speed while under the influence of alcohol. In an attempt to pass two vehicles in a no-passing zone, Liker collided with an oncoming vehicle. The passenger in that oncoming vehicle, Linda McCoy ("McCoy"), died as a result of the collision. A chemical test revealed Liker's blood alcohol content at the time of the accident was 0.32%.
On October 20, 2016, Liker was charged by bill of information with vehicular homicide in violation of La. R.S. 14:32.1. The bill of information provided that Liker killed McCoy by operating his vehicle while under the influence of alcoholic beverages and having a blood alcohol content of more than 0.08%. Liker subsequently filed a motion to suppress the chemical test results arguing the blood sample used to conduct the test was obtained without a search warrant in violation of his Fourth Amendment right against unreasonable searches and seizures. See Birchfield v. North Dakota , --- U.S. ----, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016). The trial court granted Liker's motion and suppressed the results of the chemical test.
On March 24, 2017, the state charged Liker by amended bill of information with negligent homicide in violation of La. R.S. 14:32(A)(1). The amended bill of information stated Liker negligently killed McCoy by: 1) driving a motor vehicle under the influence of an intoxicating beverage; 2) exceeding the posted speed limit by more than 11 but less than 15 miles per hour; and 3) passing in a no-passing zone.
*1107 On April 3, 2017, after being informed of his rights pursuant to Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), Liker pled guilty to negligent homicide. The state agreed not to file a multiple offender bill and that the trial court would determine to Liker's sentence after a presentence investigation ("PSI"). On July 3, 2017, the trial court sentenced Liker to the maximum sentence allowed by law-five years at hard labor. Thereafter, Liker filed a motion to reconsider sentence arguing the trial court's consideration of his intoxication was erroneous and that the imposed sentence was excessive. The trial court denied the motion. Liker now appeals.
DISCUSSION
On appeal, Liker challenges the constitutionality of the imposed maximum sentence. He contends he is not the most blameworthy or egregious offender and that the imposed sentence does not further the ends of justice. Liker insists his expressions of remorse and need for treatment, rather than incarceration, justify a lesser sentence.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance, so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith , 433 So.2d 688 (La. 1983) ; State v. Lathan , 41,855 (La. App. 2 Cir. 2/28/07), 953 So.2d 890, writ denied , 2007-0805 (La. 3/28/08), 978 So.2d 297.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982) ; State v. Swayzer , 43,350 (La. App. 2 Cir. 8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones , 398 So.2d 1049 (La. 1981) ; State v. Ates , 43,327 (La. App. 2 Cir. 8/13/08), 989 So.2d 259, writ denied , 2008-2341 (La. 5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker , 41,547 (La. App. 2 Cir. 12/13/06), 945 So.2d 277, writ denied , 2007-0144 (La. 9/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey , 623 So.2d 1276 (La. 1993) ; State v. Bonanno , 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver , 2001-0467 (La. 1/15/02), 805 So.2d 166 ; State v. Robinson , 40,983 (La. App. 2 Cir. 1/24/07), 948 So.2d 379.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto , 2007-2031 (La. 2/15/08), 974 So.2d 665 ; State v. Lynn , 50,575 (La. App. 2 Cir. 5/18/16), 196 So.3d 607 ; State v. Woods , 41,420 (La. App. 2d Cir. 11/1/06), 942 So.2d 658, writs denied , 2006-2768, 2006-2781 (La. 6/22/07), 959 So.2d 494. However, this court has repeatedly held that a substantial advantage obtained by *1108 means of a plea bargain is a legitimate consideration in sentencing. State v. Lee , 51,167 (La. App. 2 Cir. 2/15/17), 216 So.3d 205, 209 ; State v. Mendenhall , 48,028 (La. App. 2 Cir. 5/15/13), 115 So.3d 727 ; State v. Ross , 35,552 (La. App. 2 Cir. 2/27/02), 811 So.2d 176. Accordingly, where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Givens , 45,354 (La. App. 2 Cir. 6/23/10), 42 So.3d 451, writ denied , 10-1584 (La. 1/14/11), 52 So.3d 902 ; State v. Germany , 43,239 (La. App. 2 Cir. 4/30/08), 981 So.2d 792 ; State v. Black , 28,100 (La. App. 2 Cir. 2/28/96), 669 So.2d 667, writ denied , 96-0836 (La. 9/20/96), 679 So.2d 430.
On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams , 2003-3514 (La. 12/13/04), 893 So.2d 7 ; State v. Thompson , 2002-0333 (La. 4/9/03), 842 So.2d 330 ; State v. Robinson , 49,677 (La. App. 2d Cir. 4/15/15), 163 So.3d 829, 844, writ denied , 2015-0924 (La. 4/15/16), 191 So.3d 1034.
The penalty for negligent homicide is imprisonment with or without hard labor for not more than five years and/or a fine of not more than $5,000. La. R.S. 14:32(C)(1). At Liker's sentencing hearing, the trial court noted its full consideration of the entire PSI report. The trial court began by acknowledging Liker's apology to the McCoy family, which it found significant considering Liker's offense included multiple victims, one being McCoy's husband, who was driving the oncoming vehicle.
While Liker does not have an extensive criminal history, the trial court addressed his 2009 guilty plea to two counts of aggravated assault with a deadly weapon in Texas. Liker received an eight-year sentence for both counts and was released on parole in 2015. The trial court stated the convictions stemmed from an altercation Liker had with two other individuals over the use of fireworks near his home. When the individuals continued to use fireworks, Liker fired a gun in their direction, hitting both. The trial court found Liker's handling of the situation "reckless" and "troublesome at best."
Additionally, the trial court observed Liker dropped out of high school, but later obtained a GED, and characterized Liker's work history as "sketchy." The trial court considered letters submitted by McCoy's family discussing their senseless, irreparable loss. McCoy's brother spoke at the sentencing hearing on behalf of the family and expressed the extent of their loss.
The trial court was apparently haunted by Liker's short, yet "reckless" criminal history, noting that Liker could have killed both victims of his Texas offenses. The trial court stated Liker's "decision to get behind the wheel of a car when [he was] under the influence of alcohol" and drive erratically in excess of 80 miles per hour culminated into the worst possible outcome. The trial court found Liker to be a significant danger to the general public and concluded that anything less than the maximum sentence would take away from the seriousness of the offense.
After a review of the record, we cannot find the trial court was manifestly erroneous in imposing the maximum allowable sentence on Liker for negligent homicide. The trial court adhered to the requirements of La. C. Cr. P. art. 894.1, and Liker's sentence is supported by the record. In arguing his sentence is excessive, Liker reasserts his claim that the trial court erroneously considered the suppressed results of his chemical test. Notably, *1109 the trial court made no reference to Liker's chemical test results at the sentencing hearing; the trial court merely indicated Liker was under the influence of alcohol at the time of the accident, a fact which formed the basis for his guilty plea.
Notwithstanding, Liker's argument that suppressed evidence may not be considered at sentencing has been soundly rejected. In State v. Bryant , 99-1998 (La. App. 3 Cir. 11/2/00), 776 So.2d 532, the court reversed a trial court's decision that it could not consider suppressed videotaped confessions for the purposes of sentencing. Relying on federal jurisprudence, the court concluded the exclusionary rule is generally inapplicable to the consideration of evidence for sentencing purposes, if otherwise reliable.[1] The results of Liker's chemical test were clearly reliable and suppressed only for the state's failure to obtain a search warrant. Thus, Liker's argument is wholly without merit
Liker also asserts that the trial court's suggestion at the sentencing hearing that "a lot more has gone on" than what was included in the PSI report proves the trial court created its own narrative as a basis for his sentence. To the contrary, we discerned the trial court imposed the sentence based on the contents of the record. As observed by the trial court, Liker is a second-felony offender, prone to careless behavior that endangers the lives of others, who benefited substantially from pleading guilty to negligent homicide. Due to the suppression of Liker's chemical test that measured his alcohol levels at three times the legal limit, the state decided to charge Liker with negligent homicide instead of vehicular homicide. As a result, Liker's sentencing exposure decreased from 5-30 years to 0-5 years; his sentencing exposure was also reduced by the state's agreement not to file a multiple offender bill.
The crime of negligent homicide does not adequately describe Liker's culpability for the tragedy that occurred on June 21, 2016. Ultimately, Liker's expressions of remorse are outweighed by the reckless nature and consequences of his actions. His reckless decision to drive while under the influence of alcohol imperiled the lives of more than one person and robbed McCoy of her life. The pain and irreparable loss McCoy's family has suffered cannot be minimized. As stated by McCoy's brother, "[Liker] took from us a great deal. There's an empty spot that...we can't find anything to take its place." Considering the undue risk of harm Liker poses to society, his five-year sentence is not a purposeless and needless infliction of pain and suffering, nor is it disproportionate to the seriousness of the offense.
CONCLUSION
For the foregoing reasons, Liker's conviction and sentence are affirmed.
AFFIRMED.

The court subscribed to several federal court of appeals cases, including: United States v. Butler , 680 F.2d 1055 (5th Cir. 1982), where the court held that the district court did not err in considering the suppressed evidence for sentencing purposes, and United States v. McCrory , 930 F.2d 63 (D.C. Cir. 1991), cert. denied , 502 U.S. 1037, 112 S.Ct. 885, 116 L.Ed.2d 788 (1992), where the court held that the trial court properly considered the total quantity of crack cocaine in sentencing even though a portion of that amount had been suppressed as unconstitutionally obtained. See also, United States v. Nichols , 438 F.3d 437 (4th Cir. 2006) ; Del Vecchio v. Illinois Dep't of Corr. , 31 F.3d 1363 (7th Cir. 1994), cert. denied , 514 U.S. 1037, 115 S.Ct. 1404, 131 L.Ed.2d 290 (1995) ; United States v. Jackson, 713 F. App'x 963 (11th Cir. 2017).